**WO**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael R. Fanning, in his capacity as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, a trust,<br><br>    Plaintiff,<br><br>v.<br><br>Bonnie Boreham, an individual; and Ruth Boreham, an individual,<br><br>    Defendants. | No. CIV 05-1857 PHX MHM<br><br>**ORDER GRANTING DEFENDANT BONNIE BOREHAM'S MOTION FOR ENTRY OF DEFAULT** |

## **FINDINGS OF FACT**

1. On June 20, 2005, Plaintiff filed an action in interpleader in the above matter. Plaintiff alleged that both Defendant Bonnie Boreham and Defendant Ruth Boreham had filed widow's claims as the lawful spouse of Wallace Boreham at the time of his death in December, 2004. The Central Pension Fund of which Plaintiff is the Chief Executive Officer has the obligation to provide a monthly surviving spouse benefits to the true lawful spouse of Wallace Boreham from the Pension Fund Trust. Because both Bonnie Boreham and Ruth Boreham had filed marriage licenses showing that a marriage relationship with Wallace Boreham had existed at one time, Plaintiff asked this Court to determine the appropriate "lawful spouse" entitled to the surviving spouse

benefit. (Complaint, paragraph 5; Marriage License of Wallace Fenton Boreham and Bonnie Caitlin dated March 12,1958, attached to Complaint.)

2. Based on the applications filed by both Bonnie Boreham and Ruth Boreham, and based on his interpretation of the Plan and related documents, Plaintiff stated in his Complaint that he was "in great doubt as to which defendant is entitled to Survivor Pension Benefits." (Complaint, Paragraph 7).

3. A Waiver of Service of Summons was signed on behalf of Defendant Bonnie Boreham by N. Douglas Grimwood, her attorney, on October 6, 2005, and a Waiver of Service of Summons on behalf of Ruth Boreham was signed by Gregory A. Jones, Esq., her attorney, on October 7, 2005.

4. On December 1, 2005, Bonnie Boreham filed a timely Answer to Plaintiff's Complaint in Interpleader. The time for Defendant Ruth Boreham to file an Answer expired on December 6, 2005. No Answer by Defendant In Interpleader Ruth Boreham has ever been filed.

**CONCLUSIONS OF LAW**

5. Interpleader provides a process by which a party may join all claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability. *Aetna Life Insurance Company v. Bayona*, 223 F.3d 1030 (9th Cir. 2000). The Plaintiff in interpleader is not an interested party, and thus should withdraw when the competing defendants answer the Complaint.

6. In the present case, only one Defendant, Bonnie Boreham, has answered. More than five (5) months have passed since Defendant Ruth Boreham was served through her attorney on October 7, 2005.

7. Where only one Defendant in an interpleader action files an answer, that Defendant may file for a default against the other, non-answering Defendant. *Peyton's Southeastern, Inc. v. Redtag Biz, Inc.,* 2003 WL 22077749 (D.Minn.2003); *Life Insurance*

1  *Company of North America v. Settlement Capital Group*, 1999 WL 962476 (N.D.
2  Tex.1999); *Nationwide Mutual Fire Insurance Company v. Eason*, 736 F.2d 130, 133, n.4
3  (4th Cir. 1984) ["If all but one named interpleader defendant defaulted, the remaining
4  defendant would be entitled to the fund"]; *Gulf Coast Galvanizing, In. v. Steel Sales Co*,
5  826 F.Supp.197, 203-4 (S.D.Miss.1993) ["… an interpleader claimant may obtain
6  judgment when the remaining claimants have defaulted."]

7      8.    The Plaintiff has received two applications for Survivor Spouse benefits due
8  the "lawful spouse" of Wallace Boreham on the date of his death.  Each was accompanied
9  by a marriage license evidencing a marriage to Wallace Boreham.  Plaintiff has indicated
10 that one, but not both, of the Defendants is entitled to receive the Survivor Spouse
11 benefits under Plaintiff's Plan.  Plaintiff has expressed "great doubt" concerning which
12 applicant is entitled to the benefit, and has asked this Court to declare which of the two
13 applicants is entitled to the benefit.  Defendant in Interpleader Ruth Boreham having been
14 served through her attorney, and having failed to file an Answer, and Defendant in
15 Interpleader Bonnie Boreham having been served through her attorney and having filed a
16 timely Answer pursuing her claim to the benefits,

17     IT IS ORDERED that Defendant in Interpleader Bonnie Boreham is declared to be
18 entitled to the Survivor Pension Benefits of Wallace Boreham under the Central Pension
19 Fund of the International Union of Operating Engineers and Participating Employers;

20     IT IS FURTHER ORDERED that Plaintiff shall pay all Survivor Spouse Benefits
21 due from the date of death of Wallace Boreham to the date of Judgment in this matter to
22 Bonnie Boreham, and shall designate Bonnie Boreham as the lawful spouse of Wallace
23 Boreham for the payment of such future benefits to which the Surviving Spouse may be
24 entitled;

25     IT IS FURTHER ORDERED that, pursuant to the stipulation of the parties,
26 Plaintiff shall be entitled to offset the attorneys' fees and costs incurred by Plaintiff in this

1 action in the amount of $3,042.40 against amounts owed by Plaintiff to Defendant
2 Bonnie Boreham;
3      IT IS FURTHER ORDERED that Judgment shall be entered accordingly.
4      DATED this 27th day of March, 2006.

_____
Mary H. Murgula
United States District Judge